UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

---------------------------------------------------------x
PAUL THUOTTE.,                    :
an individual,                    :       CASE NO.:
                                  :
       Plaintiff,         :
                                  :       Judge:
vs.                               :
                                  :
                                  :       Magistrate:
SUMMIT PIZZA, INC.,               :
                                  :
       Defendant.        :
---------------------------------------------------------x

# COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, PAUL THUOTTE, by and through his undersigned counsel, hereby files this original Complaint and sues SUMMIT PIZZA, INC., (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This is also an action for declaratory and injunctive relief and money damages pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*, (see also 28 U.S.C. § 2201 and § 2202). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, PAUL THUOTTE, (hereinafter referred to as "MR. THUOTTE"), is a resident of Henry County, Missouri. MR. THUOTTE resides in Clinton, Missouri.

4. MR. THUOTTE is a qualified individual with a disability under the ADA. MR. THUOTTE is afflicted with paraplegia.

5. Due to his disability, MR. THUOTTE is substantially impaired in several major life activities and uses an electric wheelchair to ambulate.

6. Specifically, MR. THUOTTE is unable to walk, stand, or use his legs without assistance.

7. Upon information and belief, DEFENDANT is a corporation organized in the State of Missouri and doing business in Henry County.

8. Upon information and belief, DEFENDANT is the owner and operator of the real properties and improvements that are the subject of this action, to wit: Pizza Hut, located at 1501 N. 2nd Street, Clinton, Missouri 64735. (hereinafter referred to as "the Property").

9. The Property is a place of public accommodation and is a stand-a-lone Pizza Hut restaurant.

10. As the owner and operator of the Property, DEFENDANT is obligated to comply with the ADA.

11. All events giving rise to this lawsuit occurred in the Western District of Missouri.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12. MR. THUOTTE realleges and reavers Paragraphs 1 - 11 as if they were expressly restated

herein.

13. The Property is a place of public accommodation, subject to the ADA, generally located at: 1501 N. 2nd Street, Clinton, Missouri 64735.

14. MR. THUOTTE has attempted to visit the Property numerous times in the past and presently desires to visit the Property.

15. MR. THUOTTE lives within 2.2 miles of the Property.

16. MR. THUOTTE desires to visit the Property in the future to eat pizza.

17. On or about May 11, 2016, MR. THUOTTE phoned DEFENDANT and inquired as to whether DEFENDANT had an accessible restroom at the Property. DEFENDANT informed MR. THUOTTE that it did have an accessible restroom.

18. On or about May 12, 2016, MR. THUOTTE personally visited the Property to patronized the Property and determine whether DEFENDANT had installed an accessible restroom.

19. On his May 12, 2016 visit to the Property, MR. THUOTTE determined that DEFENDANT's Property is still inaccessible and that he is unable to access the restroom in his wheelchair.

20. MR. THUOTTE is presently aware that if he were to try to visit the Property, he would experience serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 24 of this Complaint.

21. MR. THUOTTE continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 24 which still exist.

22. MR. THUOTTE is presently deterred from attempting to visit the Property as he knows he would experience difficulty parking and accessing the Property and he would be unable to

3

Case 4:16-cv-00508-DGK   Document 1   Filed 06/02/16   Page 3 of 6

utilize the restroom.

23. MR. THUOTTE intends on traveling to the Property in the near future to see if the barriers to access described in Paragraph 24 still exist or have been modified.

24. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A.    The sole accessible-designated parking space is lacking an access aisle.

        B.    The sole accessible-designated parking space is located so that a parked vehicle blocks the curb ramp.

        C.    There is no signage designating the accessible-designated parking space.

        D.    At the bottom of the curb ramp, there are impermissible cracks and gaps in the concrete.

        E.    At the entrance to the restroom door, there is insufficient clear floor space.

        F.    The restroom entrance is insufficiently narrow.

        G.    The door handle requires a tight grasping and squeezing maneuver.

        H.    Other mobility-related ADA barriers to be identified following a complete inspection of the Property.

25. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

26. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

27. Upon information and belief, DEFENDANT has failed to remove the barriers to access which exist at the Property, even though their removal is readily achievable.

28. Upon information and belief, removal of the barriers to access located on the Property would provide MR. THUOTTE with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

29. Independent of his intent to return as a patron to the Property, MR. THUOTTE additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

30. MR. THUOTTE has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. THUOTTE is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. THUOTTE demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by

DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. THUOTTE; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE STAROSTA LAW FIRM
Timothy Starosta (MO # 24040)
Timothy@Starostalaw.com
118 N. Conistor Ln, Ste B #317
Liberty, Missouri 64068
T: 816.399.5733; F: 816.399.0190

***AND***

THE BIZER LAW FIRM
Garret S. DeReus (MO # 68840)
*pro hac vice* admission pending
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: /s/ Timothy Starosta
    Timothy Starosta